PER CURIAM.
 

 The Family Law Rules Committee has filed a “fast-track” report proposing new rule 12.742 (Parenting Coordination) and new forms 12.984 (Response by Parenting Coordinator) and 12.998 (Order of Referral to Parenting Coordinator). The committee’s proposals are meant to implement chapter 2009-180, section 2, Laws of Florida, codifying requirements for the use of parenting coordinators in family law proceedings, effective October 1, 2009.
 

 Upon consideration of the committee’s report and the relevant legislation, we adopt new rule 12.742 and new forms 12.984 and 12.998.
 
 [1]
 
 Rule 12.742 implements and complements the statute by addressing various procedural issues. Subdivision (a) of the proposed new rule states that it applies to parenting coordination. Subdivision (b) requires that an order referring parties to a parenting coordinator be in substantial compliance with new form 12.998. Subdivision (c) addresses the appointment of the parenting coordinator, providing that the parties may agree in writing on a parenting coordinator subject to the court’s approval, or if the parties cannot agree, the court shall appoint a coordinator “qualified by law,” and subdivision (d) requires the parenting coordinator to file a response to the appointment in substantial compliance with new form 12.984. Subdivisions (e) and (f) address the term of service of the parenting coordinator (not to exceed two years), termination of service, and appointment of a substitute parenting coordinator. Subdivision (g) sets forth the various types of authority the parenting coordinator may have with the consent of both parties, with the consent of one party, and with approval by the court. Subdivision (h) states that a parenting coordinator may not have decision-making authority to resolve substantive disputes and defines substantive dispute as one that would significantly change the quantity or decrease the quality of time a child spends with either parent or would modify parental responsibility. Subdivision (i) addresses emergency court orders as a result of the reporting of an emergency by the parenting coordinator.
 
 *651
 
 It permits ex parte orders “if it appears from the facts shown by the affidavit or verified report [of the parenting coordinator] that there is an immediate and present danger that the emergency situation will occur before the parties can be heard,” sets forth requirements for the order, and provides that a motion to dissolve an ex parte emergency order must be heard within five days after the movant applies for a hearing. Subdivision (j) addresses the parenting coordinator’s written communications with the court, and permits the coordinator, with service on each party, to submit a written report or other written communication regarding any non-confidential matter to the court. Subdivision (k) states that a parenting coordinator shall not be called to testify or be subject to the discovery rules unless the court makes a prior finding of good cause. It requires the requesting party to file a motion showing good cause, with service on the parenting coordinator, and to pay for the coordinator’s fees and costs incurred as a result of the motion.
 

 As noted, the new rule requires the parenting coordinator to file a response to the appointment in substantial compliance with new form 12.984. This form allows the coordinator to either accept or decline the appointment, state that he or she satisfies the requirements for qualification or that the parties have chosen him or her by mutual consent, state that he or she is not aware of any conflict or other reason that would render him or her unable to serve, and state that he or she understands the role and authority of parenting coordinator under the order of referral and section 61.125 Florida Statutes. The committee states that the primary purpose of requiring the filing of this response by the parenting coordinator is to ensure that laypersons serving as parenting coordinators are familiar with the statute, the rule, and the order of referral to the parenting coordinator.
 

 The new rule also requires that an order referring parties to a parenting coordinator be in substantial compliance with new form 12.998. The committee states that this new form resolves concerns about inconsistent orders currently used throughout the state. The form order ensures that there is written documentation that the court addressed domestic violence issues, if any. It recites the confidentiality provisions of the statute, thereby ensuring parties are on notice of this. The order also defines the role, responsibility, and authority of the parenting coordinator, sets forth the term of service, and addresses fees and costs.
 
 [2]
 

 Accordingly, the Florida Family Law Rules of Procedure are hereby amended as set forth in the appendix to this opinion. New language is underlined; deleted language is struck through. The new forms are fully engrossed and ready for immediate use. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amended rules and forms shall be effective immediately. Because the amendments were not published for comment prior to adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.
 
 [3]
 

 
 *652
 
 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 12.015. FAMILY LAW FORMS
 

 (a) Forms Adopted as Rules. The forms listed in this rule shall be adopted by the rulemaking process in Fla. R. Jud. Admin. 2.140. The Family Law Rules Committee of The Florida Bar shall propose amendments to these forms and any associated instructions. These forms shall be designated “Florida Family Law Rules of Procedure Forms.” Forms coming under this provision are:
 

 (1) 12.900(a), Disclosure From Nonlaw-yer;
 

 (2) 12.900(b), Notice of Limited Appearance;
 

 (3) 12.900(c), Consent to Limited Appearance by Attorney;
 

 (4) 12.900(d), Termination of Limited Appearance;
 

 (5) 12.900(e), Acknowledgment of Assistance by Attorney;
 

 (6) 12.900(f), Signature Block for Attorney Making Limited Appearance;
 

 (7) 12.900(g), Agreement Limiting Representation;
 

 (8) 12.900(h), Notice of Related Cases;
 

 (9) 12.901(a), Petition for Simplified Dissolution of Marriage;
 

 (10) 12.902(b), Family Law Financial Affidavit (Short Form);
 

 (11) 12.902(c), Family Law Financial Affidavit;
 

 (12) 12.902(e), Child Support Guidelines Worksheet;
 

 (13) 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage;
 

 (14) 12.910(a), Summons: Personal Service on an Individual;
 

 (15) 12.913(b), Affidavit of Diligent Search and Inquiry;
 

 (16) 12.913(c), Affidavit of Diligent Search;
 

 (17) 12.920(a), Motion for Referral to General Magistrate;
 

 (18) 12.920(b), Order of Referral to General Magistrate;
 

 (19) 12.920(c), Notice of Hearing Before General Magistrate;
 

 (20) 12.928, Family Court Cover Sheet;
 

 (21) 12.930(a), Notice of Service of Standard Family Law Interrogatories;
 

 (22) 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings;
 

 (23) 12.930(c), Standard Family Law Interrogatories for Modification Proceedings;
 

 (24) 12.932, Certificate of Compliance with Mandatory Disclosure;
 

 (25) 12.984, Response by Parenting Coordinator;
 

 (256) 12.990(a), Final Judgment of Simplified Dissolution of Marriage; and
 

 (27) 12.998, Order of Referral to Parenting Coordinator.
 

 (b) [No change]
 

 
 *653
 
 Commentary
 

 [No change]
 

 RULE 12.742. PARENTING COORDINATION
 

 (a) Applicability. This rule applies to parenting coordination.
 

 (b) Order Referring Parties to Parenting Coordinator. An order referring the parties to a parenting coordinator must be in substantial compliance with Florida Family Law Rules of Procedure Form 12.998. The order must specify the role, responsibility, and authority of the parenting coordinator
 

 (c) Appointment of Parenting Coordinator. The parties may agree in writing on a parenting coordinator subject to the court’s approval. If the parties cannot agree on a parenting coordinator, the court shall appoint a parenting coordinator qualified by law.
 

 (d) Response by Parenting Coordinator. The parenting coordinator must file a response accepting or declining the appointment in substantial compliance with Florida Family Law Rules of Procedure Form 12.984.
 

 (e) Term of Service. The term of the parenting coordinator shall be as specified in the order of appointment or as extended by the court. The initial term of service shall not exceed two years. The court shall terminate the service on:
 

 (1) The parenting coordinator’s resignation or disqualification; or
 

 (2) A finding of good cause shown based on the court’s own motion or a party’s written motion. Good cause includes, but is not limited to the occurrence of domestic violence; circumstances that compromise the safety of any person or the integrity of the process; or a finding that there is no longer a need for the service of the parenting coordinator. The motion and notice of hearing shall also be served on the parenting coordinator.
 

 (f) Appointment of Substitute Parenting Coordinator. If a parenting coordinator cannot serve or continue to serve, a substitute parenting coordinator may be chosen in the same manner as the original.
 

 (g) Authority with Consent. The parenting coordinator may have additional authority with express written consent. If there has been a history of domestic violence the court must find that consent has been freely and voluntarily given.
 

 (1) With the express written consent of both parties, the parenting coordinator may
 

 (A) have temporary decision-making authority to resolve specific non-substantive disputes between the parties until such time as a court order is entered modifying the decision; or
 

 (B) make recommendations to the court concerning modifications to the parenting plan or time-sharing.
 

 (2) With the express written consent of a party, a parenting coordinator may
 

 (A) have access to confidential and privileged records and information of that party; or
 

 (B) provide confidential and privileged information for that party to health care providers and to any other third parties.
 

 (3) With the express approval of the court, the parenting coordinator may
 

 (A) have access to a child’s confidential and privileged records and information; or
 

 (B) provide confidential and privileged information for that child to health care providers and to any other third parties.
 

 (h) Limitation of Authority. A parenting coordinator shall not have decision
 
 *654
 
 making authority to resolve substantive disputes between the parties. A dispute is substantive if it would
 

 (1) significantly change the quantity or decrease the quality of time a child spends with either parent; or
 

 (2) modify parental responsibility.
 

 (i)Emergency Order.
 

 (1) Consideration by the Court. On the filing of an affidavit or verified report of an emergency by the parenting coordinator, the court shall determine whether the facts and circumstances contained in the report constitute an emergency and whether an emergency order needs to be entered with or without notice to the parties to prevent or stop furtherance of the emergency.
 

 (2) Ex Parte Order. An emergency order may be entered d without notice to the parties if it appears from the facts shown by the affidavit or verified report that there is an immediate and present danger that the emergency situation will occur before the parties can be heard. No evidence other than the affidavit or verified report shall be used to support the emergency being reported unless the parties appear at the hearing or have received notice of a hearing. Every temporary order entered without notice in accordance with this rule shall be endorsed with the date and hour of entry, be filed forthwith in the clerk’s office, and define the injury or potential injury, state findings by the court why the injury or potential injury may be irreparable, and give the reasons why the order was granted without notice. The court shall provide the parties and attorney ad litem, if one is appointed, with a copy of the parenting coordinator’s affidavit or verified report giving rise to the ex parte order. A return hearing shall be scheduled if the court issues an emergency ex parte order.
 

 (3) Duration. The emergency order shall remain in effect until further order.
 

 (4) Motion to Dissolve or Modify Ex Parte Order. A motion to modify or dissolve an ex parte emergency order must be heard within 5 days after the movant applies for a hearing.
 

 (j) Written Communication with Court. The parenting coordinator may submit a written report or other written communication regarding any nonconfiden-tial matter to the court. The parenting coordinator must contemporaneously serve each party with a copy of the written communication.
 

 (k) Testimony and Discovery. A parenting coordinator shall not be called to testify or be subject to the discovery rules of the Florida Family Law Rules of Procedure unless the court makes a prior finding of good cause. A party must file a motion, alleging good cause why the court should allow the parenting coordinator to testify or be subject to discovery. The requesting party shall serve the motion and notice of hearing on the parenting coordinator. The requesting party shall initially be responsible for the parenting coordinator’s fees and costs incurred as a result of the motion.
 

 Committee Note
 

 2010 Adoption. The provisions of subdivision (k) do not abrogate the confidentiality provisions of section 61.125, Florida Statutes. An exception to confidentiality must apply before invoking this subdivision of the rule.
 

 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.984, RESPONSE BY PARENTING COORDINATOR (1/10)
 

 When should this form be used?
 

 A person appointed as a parenting coordinator must accept or decline the appoint
 
 *655
 
 ment under Florida Family Law Rule of Procedure 12.742(d). If you accept the appointment, you must complete paragraphs 1(a) and 2 and sign it. If you decline the appointment, you must complete only paragraph 1(b) and sign the form. This form should be typed or printed in black ink.
 

 Important Consideration Before Responding.
 

 A Qualified Parenting Coordinator or other licensed mental health professional under Chapter 490 or 491, Florida Statutes, shall abide by the ethical and other professional standards imposed by his or her licensing authority, certification board, or both, as applicable.
 

 A person that is not a Qualified Parenting Coordinator or a licensed mental health professional under Chapter 490 or 491, Florida Statutes, shall not accept an appointment to serve as parenting coordinator in a matter that presents an apparent or undisclosed conflict of interest. A conflict of interest arises when any relationship between the parenting coordinator and either party compromises or appears to compromise the parenting coordinator’s ability to serve. The burden of disclosure of any potential conflict of interest rests on the parenting coordinator. Disclosure shall be made as soon as practical after the parenting coordinator becomes aware of the potential conflict of interest. If a parenting coordinator makes an appropriate disclosure of a conflict of interest or a potential conflict of interest, he or she may serve if all parties agree. However, if a conflict of interest substantially impairs a parenting coordinator’s ability to serve, the parenting coordinator shall decline the appointment or withdraw regardless of the express agreement of the parties.
 

 A parenting coordinator shall not provide any services to either party that would impair the parenting coordinator’s ability to be neutral.
 

 What should I do next?
 

 After completing and signing this form, you must file the original with the clerk of the circuit court in the county in which the action is pending and keep a copy for your records.
 

 You must mail or hand-deliver a copy of this form to the attorney(s) for the parents or, if not represented by an attorney, to the parents.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For more information, see section 61.125, Florida Statutes, Florida Family Law Rule of Procedure 12.742, and the Order of Referral to Parenting Coordinator, Florida Family Law Rules of Procedure Form 12.998.
 

 Special notes
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 
 *656
 
 Florida Family Law Rules of Procedure Form 12.984, Response by Parenting Coordinator (1/10)
 

 IN THE CIRCUIT COURT OF THE _ JUDICIAL CIRCUIT, IN AND FOR _ COUNTY, FLORIDA
 

 Petitioner,
 

 And
 

 Respondent.
 

 Case No: _
 

 Division: _
 

 RESPONSE BY PARENTING COORDINATOR
 

 I,
 
 {name}
 
 _ notify the Court and affirm the following:
 

 1. Acceptance.
 

 [Choose only one]
 

 a. _I accept the appointment as parenting coordinator.
 

 b. _I decline the appointment as parenting coordinator.
 

 2. Qualifications.
 

 [Choose only one]
 

 a. _ I meet the qualifications in section 61.125(4), Florida Statutes.
 

 b. _I do not meet the qualifications in section 61.125(4), Florida Statutes. However, the parties have chosen me by mutual consent and I believe I can perform the services of a parenting coordinator because: _
 

 3.I am not aware of any conflict, circumstance, or reason that renders me unable to serve as the parenting coordinator in this matter and I will immediately inform the court and the parties if such arises.
 

 4.I understand my role, responsibility, and authority under the Order of Referral to Parenting Coordinator, Florida Family Law Rules of Procedure Form 12.998(a) and section 61.125, Florida Statutes.
 

 I hereby affirm the truth of the statements in this acceptance and understand that if I make any false representations in this acceptance, I am subject to sanctions by the Court.
 

 Date
 

 Signature
 

 Printed Name:_
 

 Address:_
 

 City, State, Zip:_
 

 Telephone Number:
 

 Professional License # (if applicable)
 

 Professional Certification # (if applicable)_
 

 Copies to: Attorney for Parent # 1 OR Parent # 1 if not represented by Counsel
 

 Attorney for Parent #2 OR Parent # 2 if not represented by Counsel
 

 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
 

 I,
 
 {full legal name and trade name of
 
 nonlawyer}_, a non-lawyer, whose address is
 
 {street}
 
 -,
 
 {city}
 
 _,
 
 {state}
 
 _,
 
 {phone}
 
 _, helped
 
 {name}
 
 _, who is
 
 *657
 
 Florida Family Law Rules of Procedure Form 12.998, Order of Referral to Parenting Coordinator (1/10)
 

 IN THE CIRCUIT COURT OF THE _ JUDICIAL CIRCUIT, IN AND FOR _ COUNTY, FLORIDA
 

 Case No: -
 

 Division: _
 

 Petitioner,
 

 And
 

 Respondent.
 

 ORDER OF REFERRAL TO PARENTING COORDINATOR
 

 The Court considered the () motion of the court, () joint motion of the parties, () motion of a party, reviewed the court file, and considered the testimony presented. Based on this information, the court FINDS that:
 

 A. Appropriateness of Process. This matter is appropriate for parenting coordination and it is in the best interest of the child(ren).
 

 B. Parenting Coordination Process.
 

 Parenting coordination is a child-focused alternative dispute resolution process whereby a parenting coordinator assists the parents in creating or implementing their parenting plan by facilitating the resolution of disputes, providing education and making recommendations to the parents; and, with the prior consent of the parents and approval of the court, making limited decisions within the scope of this order of referral.
 

 C. Parenting Coordinator. A parenting coordinator is an impartial third person whose role is to assist the parents in successfully creating or implementing a parenting plan.
 

 D. Selection of Parenting Coordinator. The parenting coordinator was selected by:
 

 [Choose only one]
 

 _ parties’ agreement.
 

 _ the court.
 

 E. History of Domestic Violence. Based on testimony and evidence presented and a review of related court records, the court has determined:
 

 [Choose all that apply]
 

 _ There is no history of domestic
 

 violence.
 

 _ There has been a history of domestic violence, and:
 

 _ Each party has had an opportunity to consult with an attorney or domestic violence advocate before this court has accepted the parties’ consent.
 

 _ Each party has consented to this referral and the consent has been given freely and voluntarily-
 

 It is therefore, ORDERED:
 

 1. Parenting Coordinator. The parties are referred to the following parenting coordinator for an initial period of_months:
 

 Name: _
 

 Address: _
 

 Telephone: _
 

 Fax Number: _
 

 a. The parenting coordinator shall file a response to this Order within 30 days either accepting or declining the appointment. The response to the appointment must be in substantial compliance with Florida Family Law Rules of Procedure Form 12.984.
 

 
 *658
 
 b.The parties or their attorneys must provide to the parenting coordinator copies of all pleadings and orders related to domestic violence and any other pleadings and orders requested by the parenting coordinator related to parenting coordination.
 

 2. Meetings. Unless prohibited herein as a domestic violence safeguard or by another court order, the parenting coordinator may meet with the parties and/or children) together or separately, in person or by any electronic means.
 

 3. Domestic Violence Safeguards. The parties shall adhere to all provisions of any injunction for protection or conditions of bail, probation, or a sentence arising from criminal proceedings. In addition to any safety measures the parenting coordinator deems necessary, the following domestic violence safeguards must be implemented:
 

 [Choose all that apply]
 

 _ None are necessary.
 

 _ No joint meetings
 

 _ No direct negotiations
 

 _ No direct communications
 

 _ Other:
 

 4.Role, Responsibility, and Authority of Parenting Coordinator. The parenting coordinator shall have the following role, responsibility, and authority:
 

 a. Assisting the parents in creating and implementing a parenting plan.
 

 b. Facilitating the resolution of disputes regarding the creation or implementation of the Parenting Plan.
 

 c. Recommending to the parents strategies for creating or implementing the Parenting Plan. Such recommendations may include that one or both parents avail themselves of accessible and appropriate community resources, including, but not limited to, random drug screens, parenting classes, and individual psychotherapy or family counseling, if there is a history or evidence that such referrals are appropriate.
 

 d. Recommending to the parents changes to the Parenting Plan.
 

 e. Educating the parties to effectively:
 

 i. Parent in a manner that minimizes conflicts;
 

 ii. Communicate and negotiate with each other and their child(ren);
 

 iii. Develop and apply appropriate parenting skills;
 

 v.Understand principles of child development and issues facing child(ren) when their parents no longer live together;
 

 v. Disengage from the other parent when engagement leads to conflicts and non-cooperation;
 

 vi. Identify the sources of their conflict with each other and work jointly to minimize conflict and lessen its deleterious effects on the ehild(ren); and,
 

 vii. Allow the children) to grow up free from the threat of being caught in the middle of their parents’ disputes.
 

 f. Reporting or communicating with the court concerning nonconfiden-tial matters as provided in paragraph 6 of this order.
 

 g. Communicating with the parties and their children), separately or together, in person or by telephone,
 
 *659
 
 unless otherwise prohibited by court order or applicable law.
 

 5. Fees and Costs for Parenting Coordination.
 

 [Choose all that apply]
 

 a._The parties have consented to this referral to parenting coordination.
 

 _ This order is without the consent of the parties, but the court has determined that the parties have the financial ability to pay the parenting coordination fees and costs.
 

 b._ The court allocates payment of fees and costs for parenting coordination as follows:
 

 _ % shall be paid by the Father.
 

 _ % shall be paid by the Mother.
 

 _ Other:
 

 If a party has caused the parenting coordinator to expend an unreasonable and unnecessary amount of time, that party may be solely responsible for payment of the parenting coordinator’s fees and costs for such time expended. Failure to pay the parenting coordinator’s fees and costs in a timely manner may subject the party to sanctions for contempt of court.
 

 6. Confidentiality. All communications made by, between, or among the parties and the parenting coordinator during parenting coordination sessions are confidential. The parenting coordinator and each party may not testify or offer evidence about communications made by a party or the parenting coordinator during the parenting coordination sessions, except if:
 

 a. Necessary to identify, authenticate, confirm, or deny a written agreement entered into by the parties during parenting coordination.
 

 b. The testimony or evidence is necessary to identify an issue for resolution by the court without otherwise disclosing communications made by any party or the parenting coordinator.
 

 c. The testimony or evidence is limited to the subject of a party’s compliance with the order of referral to parenting coordination, orders for psychological evaluation, counseling ordered by the court or recommended by a health care provider, or for substance abuse testing or treatment.
 

 d. The parenting coordinator reports that the case is no longer appropriate for parenting coordination.
 

 e. The parenting coordinator is reporting that he or she is unable or unwilling to continue to serve and that a successor parenting coordinator should be appointed.
 

 f. The testimony or evidence is necessary pursuant to section 61.125(5)(b) or section 61.125(8), Florida Statutes.
 

 g. The parenting coordinator is not qualified to address or resolve certain issues in the case and a more qualified coordinator should be appointed.
 

 h. The parties agree that the testimony or evidence be permitted.
 

 i. The testimony or evidence is necessary to protect any person from future acts that would constitute domestic violence under Chapter 741, Florida Statutes; child abuse, neglect, or abandonment under Chapter 89, Florida Statutes; or abuse, neglect, or exploitation of an elderly or disabled adult under Chapter 825, Florida Statutes.
 

 
 *660
 
 7. Agreement on Nonconfidentiality. The parties can agree to waive confidentiality of a specific communication or all communications. The waiver must be in writing, signed by the parties and their respective counsel. The waiver shall be filed with the court and a copy served on the parenting coordinator. Either party may revoke their waiver of confidentiality by providing written notice signed by the party. The revocation shall be filed with the court and a copy served on the other party and the parenting coordinator.
 

 8. Scheduling. Each party shall contact the parenting coordinator within 10 days of the date of this order to schedule the first appointment. The parenting coordinator shall determine the schedule for subsequent appointments.
 

 ORDERED ON
 
 {date}
 

 CIRCUIT JUDGE
 

 COPIES TO:
 

 Parenting Coordinator
 

 Address: _
 

 Name of Party:
 

 Counsel for Party:
 

 Address of Counsel:
 

 Name of Party:
 

 Counsel for Party:
 

 Address of Counsel:
 

 Guardian ad Litem:
 

 Address of GAL:
 

 [1]
 

 . Minor editorial and grammatical corrections have been made to the new forms.
 

 [2]
 

 . Upon supplemental petition by the committee, we also amend rule 12.015 (Family Law Forms) to add new forms 12.984 and 12.998 to the list of Family Law Rule of Procedure Forms contained therein.
 

 [3]
 

 . An original and nine paper copies of all comments must be filed with the Court on or before March 29, 2010, with a certificate of service verifying that a copy has been served on the committee chair, Jack A. Moring, 7655 W. Gulf to Lake Hwy, Suite 12, Crystal River, FL 34429-7910, as well as a separate request
 
 *652
 
 for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until April 19, 2010, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court’s administrative order
 
 In re Mandatory Submission of Electronic Copies of Documents,
 
 Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).